# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RODNEY DOUGLAS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV55 SNLJ |
| | ) | |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Rodney Douglas Jones's amended complaint. For the reasons stated below, the Court will: (1) dismiss defendant Corizon from this action; (2) dismiss plaintiff's official-capacity claims against the individual defendants; and (3) order the Clerk of Court to issue process on the amended complaint as to plaintiff's Eighth Amendment claims against the individual defendants in their individual capacities.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Amended Complaint**

In his amended complaint, plaintiff alleges as follows. On January 15, 2014, during an altercation with his cellmate, he sustained serious injuries to both of his hands. He was handcuffed and was being escorted to the medical unit for evaluation when defendant "Nurse Eddie Hartline" intercepted. Nurse Hartline assessed plaintiff's hands, which were handcuffed behind plaintiff's back, and stated, "your fingers are able to move, your hands are not broken." (Docket No. 5 at p. 5). Nurse Hartline then ordered plaintiff returned to his cell.

One week later, plaintiff received a medical evaluation and x-ray, and it was determined that both of his hands were broken. He was prescribed an antibiotic. Defendant "Unknown Nurse" failed to deliver to plaintiff an unspecified number of doses of such antibiotic, causing plaintiff to suffer pain and "permanent damage" to his hands. (*Id.* at p. 7).

Plaintiff underwent hand surgery on February 17, 2014. A metal plate was placed in his right hand, and screws were placed in his left hand. Defendant "Mina Massey" returned plaintiff to the general population too soon after surgery, forcing plaintiff to use his hands to perform daily tasks of living, among other things. As a result, plaintiff's left hand was broken again, necessitating a second surgery. Finally, in July of 2014, Nurse Hartline removed stitches from plaintiff's hand in a manner that caused a great deal of pain and caused the wound to re-open.

## Discussion

The Court first addresses the amended complaint as it pertains to defendant Corizon. Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). A "policy," for purposes of § 1983, is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Here, because the amended complaint fails to allege that Corizon had a

policy, custom, or official action that inflicted an actionable injury, it fails to state a claim against Corizon.

Turning to plaintiff's claims against Eddie Hartline, Mina Massey, and "Unknown Nurse," the Court notes that plaintiff sues each of these defendants in both their official and individual capacities. Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Because the amended complaint contains no allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights, it fails to state a claim against the individual defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Eddie Hartline and Mina Massey in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Eddie Hartline and Mina Massey shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Corizon, or as to defendants Eddie Hartline and Mina Massey in their official capacities.

**IT IS FURTHER ORDERED** that defendant Corizon Medical Services is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the official capacity claims against defendants Eddie Hartline, Mina Massey, and Unknown Nurse are **DISMISSED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall provide the Court with the name of defendant "Unknown Nurse" in order to effect service against him/her in his/her individual capacity.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of October, 2016.

                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE