UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY DOUGLAS JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-55 SNLJ |
| | ) |
| CORIZON MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case comes before the Court on five motions – three by the plaintiff Rodney Douglas Jones (#39, #40, #42) and the other two, including a motion for summary judgment, by defendants Eddie Hartline and Dr. Mina Massey (#30, #47).

## I. Plaintiff's Motion for Reconsideration

Plaintiff asks this Court to reverse its decision that allowed the defendants to file summary judgment documents under seal (#39). In his motion, plaintiff contends that the defendants only sealed the documents "they feel will be damaging to [defendants'] case, by using falsehood and manipulative tactics." However, plaintiff does not allege that he did not have the documents that were filed under seal. Further, it appears that plaintiff did have possession of most, if not all, of these sealed documents as he attached the same documents to his own responses to defendants' motions (see #39 & #40). The Court finds no reason to un-seal these documents. Plaintiff's motion for reconsideration (#39) is denied.

## II. Plaintiff's Motion to Compel Discovery

Plaintiff requests that the Court order the defendants to produce certain documents to plaintiff (#42). The defendants responded, claiming that the defendants had not yet received any discovery requests from plaintiff and to the extent that plaintiff's motion to compel discovery constituted a discovery request, that the defendants would comply in accordance with the federal rules of civil procedure. Based on defendants' response and the lack of a reply by plaintiff arguing otherwise, the Court holds that plaintiff's motion to compel discovery is moot.

### III. Defendants' Motion for Summary Judgment Based on Exhaustion[1]

#### A. Factual Background

Plaintiff is an inmate at the Southeast Correctional Center ("SECC") in the Missouri Department of Corrections ("MDOC"). Within his 42 U.S.C. § 1983 lawsuit, he alleges constitutional violations against the defendants, employees of Corizon Medical Services who work at SECC, for allegedly providing plaintiff with inadequate medical care. Plaintiff's complaints arise from treatment, or lack thereof, of plaintiff's broken hands and subsequent premature release into the general population following his surgery. Plaintiff contends that defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Defendants have moved for summary judgment based on exhaustion (#30) because they claim plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act of 1996 ("PLRA").

---

[1] The defendants expressly reserved the right to file a second motion for summary judgment addressing the merits of plaintiff's claims should the current motion for summary judgment not be granted.

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).

Prisoners incarcerated at SECC are subject to the MDOC Grievance Procedure, which provides that a prisoner must file an Informal Resolution Request ("IRR") within 15 days of an alleged incident. If an inmate is unsatisfied with the IRR response, the inmate may file an Offender Grievance within seven calendar days of his receipt of the IRR response. If an inmate wishes to appeal the grievance response, the inmate must then submit an Inmate Grievance Appeal within seven calendar days. The inmate must

3

comply with each requirement, including the deadlines, to sufficiently "exhaust" the inmate's administrative remedy under the PLRA to bring suit in federal court.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). It is uncontested that the PLRA applies in this case. This mandatory language – "an inmate 'shall' bring 'no action' . . . absent exhaustion of available administrative remedies" – contains "one significant qualifier: the remedies must indeed be 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). To be available, the remedy must be "'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* at 1858. In short, an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Id.* Here, the MDOC Grievance Procedure provides inmates, like plaintiff, with administrative remedies that must be exhausted before filing suit in federal court.

### C. Exhaustion

Plaintiff filed two medical grievances concerning the treatment he was provided in 2014. First, plaintiff filed SECC-14-391 on March 19, 2014, in which he complained that he was not provided proper care or diagnosis following a physical altercation with another inmate in January 2014. The IRR was investigated and discussed with plaintiff but the parties could not reach an informal resolution. SECC issued a formal response that was received by plaintiff on July 9, 2014. Unhappy with the response, plaintiff filed

4

a formal grievance on July 27 – 11 days out of time pursuant to the MDOC policy. Because plaintiff did not comply with the requirements of the MDOC policy, plaintiff's formal grievance was denied as untimely. Plaintiff then filed a grievance appeal, which again was denied because plaintiff's grievance was denied as untimely.

Plaintiff claims that his formal grievance was untimely because after he was given the grievance form and left the infirmary, he was attacked by another inmate and was subsequently placed in administrative segregation without the grievance form. Additionally, plaintiff alleges that he was denied access to other forms. As such, plaintiff contends that he was not given another form until after the official deadline had passed, rendering it impossible to comply with the administrative requirements. Defendants counter, claiming that plaintiff cannot survive summary judgment based on exhaustion because plaintiff presents no evidence that he was refused additional forms or otherwise prevented from complying with the administrative requirements. However, as the moving party, the defendants – not the plaintiff – have the burden of showing there is no genuine issue as to material fact regarding plaintiff's alleged lack of access to a grievance form. Because defendants have presented no evidence refuting plaintiff's claim that he lacked access to the required grievance form – rendering the administrative remedy unavailable under the PLRA – defendants' motion for summary judgment based on exhaustion is denied as to plaintiff's grievance SECC-14-391.

Plaintiff also filed SECC-14-1720 on November 5, 2014, in which plaintiff complained that, *inter alia*, defendant Hartline incorrectly and painfully removed plaintiff's stitches from the surgery on his broken hands. After not hearing from SECC,

5

plaintiff filed another IRR, regarding the same issue, on January 11, 2015. SECC issued a formal response to plaintiff's IRR in March 2015, which was received by plaintiff on April 28. Plaintiff's grievance appeal was filed at SECC on May 20, again outside of the seven calendar day deadline. Plaintiff contends that he signed and turned in the grievance appeal on May 8 to Potosi Correctional Center staff, where he was housed after being transferred from SECC. Assuming that May 8 is the correct date to determine whether plaintiff complied with the MDOC policy's requirements, however, defendants allege he was still one day late in filing his grievance appeal.

However not discussed by the defendants, the MDOC policy creates special rules for inmates who are transferred during the processing of an IRR, such as plaintiff. It states that the inmate is "responsible for filing the completed offender Grievance form within 15 calendar days of receipt of the Offender Grievance form." III(K)(11)(b). Here, plaintiff received SECC's formal response to his IRR on April 28, 2015. Plaintiff claims that he signed and turned in his grievance appeal on May 8 to officials at the Potosi Correctional Center, where he was located, but that his appeal was not received by SECC until May 20 – as evidenced by a time stamp which states "RECEIVED – DATE FILED – May 20 2015 – Institution SECC Grievance Office."

Seeing as SECC issued its formal response to plaintiff's IRR in March 2015, but was not received by plaintiff until April 28, 2015, it appears that there is a delay in the transfer of documents between where plaintiff was located at this time, Potosi Correctional Center, and where plaintiff was located at the time of the incident, SECC. Because plaintiff dated the grievance appeal as May 8, and because the defendants

6

present no evidence that refutes plaintiff's claim that he turned in his appeal to Potosi Correctional Center officials on that same day, May 8 will be treated as the day he filed his appeal – within the 15 calendar day limit established within the MDOC Offender Grievance policy. Defendants' motion for summary judgment based on exhaustion is also denied as to plaintiff's grievance SECC-14-1720.

### IV.     Plaintiff's Motion for Summary Judgment

Plaintiff, in his response in opposition to defendant's motion for summary judgment based on exhaustion, also moves for summary judgment in his favor. However, plaintiff's inclusion of a motion for summary judgment does not comply with this Court's Local Rule 7-4.01(E). It states "A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted facts, set forth in separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citation." Plaintiff has failed to include a statement of uncontroverted facts with his motion. Plaintiff's motion for summary judgment is denied.

### V.     Defendants' Motion to Modify the Case Management Order

Finally, defendants move to modify the case management order. Currently, motions for summary judgment were due on May 29, 2017. Defendants ask this court to extend that deadline sixty days after an order is issued on defendants' motion for summary judgment based on exhaustion. It does not appear that the extension of this deadline will delay the suit or prejudice the parties. Defendants' motion to modify the case management order (#47) is granted.

Accordingly,

**IT IS HEREBY ORDERED that** plaintiff's motions for reconsideration (#39), to compel discovery (#42), and summary judgment (#40) are denied. Defendants' motion for summary judgment (#30) is denied.

**IT IS FURTHER ORDERED that** defendants' motion to modify the case management order (#47) is granted. Motions for summary judgment are due sixty (60) days from the date of this Memorandum and Order.

So ordered this 2nd day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE