UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RODNEY DOUGLAS JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-CV-55-SNLJ |
| ) | |
| CORIZON MEDCAL SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Rodney Jones's motions (#87, #88) to alter or amend this Court's judgment (#83) in favor of defendants Eddie Hartline ("Nurse Hartline") and Mina Massey ("Dr. Massey"). The Court denies both motions.

In his first motion (#87), Jones rehashes the arguments he made when opposing Nurse Hartline and Dr. Massey's motion for summary judgment. As the Court explained in granting (#82) Nurse Hartline and Dr. Massey's motion, there is no evidence in the record supporting the claim that Jones's hands presented a *substantial risk of harm*—which is required for Jones to show deliberate indifference—when Nurse Hartline first evaluated Jones. *Pietrafeso v. Lawrence Cty.*, 452 F.3d 978, 984 (8th Cir. 2006). The same is true for Jones's claims that Nurse Hartline was deliberately indifferent when removing Jones's sutures and that Dr. Massey was deliberately indifferent in discharging Jones from the infirmary. If Jones's claims are in fact true, they raise grave concerns about the Potosi Correctional Center. While sensitive to those potential concerns, the

1

Court's job is to apply these facts to the correct legal standard. Here, the legal standard—deliberate indifference—requires Jones to clear a high hurdle. Based on the evidence in the record, there is no genuine issue of any material fact supporting Jones's claims that Nurse Hartline and Dr. Massey were deliberately indifferent.

In his second motion (#88), Jones asks the Court to alter or amend its judgment in light of his motions to depose (#55), produce (#56), and amend the case management order (#61). In granting summary judgment in favor of Nurse Hartline and Dr. Massey, the Court resolved all evidentiary conflicts in Jones's favor and considered all information before it. Those motions relate to many of the conflicts the Court resolved in Jones's favor. Thus, those motions would not change the Court's analysis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Jones's motions (#87, #88) to alter or amend this Court's judgment are **DENIED**.

So ordered this  18th  day of December 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE